UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **PLAY HARD PRAY HARDER LLC** § <br> Plaintiff, § <br> § <br> § <br> v. § <br> § <br> **SCRIPTURE ART, LLC AND JOSH** § <br> **HAMILTON,** § <br> Defendants. § | CASE NO: _____ |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff, PLAY HARD PRAY HARDER LLC, and files its Original Complaint against Defendants SCRIPTURE ART, LLC and JOSH HAMILTON and would respectfully show the Court as follows:

**I.
PARTIES**

1.   Plaintiff, Play Hard Pray Harder LLC ("Play Hard Pray Harder") is a Texas Limited Liability Company with its principal place of business at 3908 Dalgreen Dr., Dallas, Texas 75214.

2.   Defendant Scripture Art LLC ("Scripture Art") is a North Carolina Corporation with its principal place of business at 1012 Skymont Drive, Holly Springs, North Carolina 27540.  Scripture Art may be served with process via its registered agent Kelly Shiley located at 1012 Skymont Drive, Holly Springs, North Carolina 27540.

3.   Defendant Josh Hamilton ("Josh Hamilton") is an individual residing in Westlake, Texas who may be served with process at 1215 Perdenalas Trail, Westlake, Texas 76262 or wherever he may be found.

## II.
## JURISDICTION

4. Jurisdiction of this Court is invoked pursuant to trademark infringement, and related causes of action: i) Trademark Infringement Under 15 U.S.C. § 1113 (1) (Section 32(1) of The Lanham Act); ii) counterfeiting In Violation of 15 U.S.C. § 1114 (1)(B) (Section 32 of The Lanham Act); iii) False Designation of Origin Or Sponsorship, False Advertising, and Trade Dress Infringement Under 15 U.S.C. Section 1125(A).

5. This is also a suit for a declaratory judgment pursuant to 28 U.S.C. §2000 et seq; declaring and adjudging that the unlawful employment practices alleged herein deprive and withhold from Plaintiff rights secured by 42 U.S.C §1983 and §2000(e) et seq.

6. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. 1391.

## III.
## FACTUAL BACKGROUND

7. Play Hard Pray Harder LLC is the owner of the mark for "Play Hard Pray Harder" (the "Mark").

8. Play Hard Pray Harder's use of the Mark in connection with its business originated as early as April 1, 2012.

9. Further, Play Hard Pray Harder owns Internet domain names related to the Mark, including, but not limited to, <www.playhardprayharder.com>.

10. Defendants have been using the Mark, and selling products bearing the Mark without Play Hard Pray Harder LLC authorization.

11. Play Hard Pray Harder LLC filed a trademark application on June 13, 2012 and to register the Mark for use in connection with apparel including hats, jerseys; sweatshirts and shirts and was assigned Application Serial No. 85650878 in the United States Patent and

Trademark Office ("USPTO").

12. Defendant Scripture Art LLC filed intent to use trademark application with the USPTO on June 13, 2012 with regard to the Mark.

13. Play Hard Pray Harder LLC's First Use date for the Mark is earlier than the Defendant's intent to use application any alleged use of the Mark.

14. Play Hard Pray Harder LLC has priority and senior rights to the Mark.

15. Defendant Scripture Art's mark is identical to the Play Hard Pray Harder LLC's Mark. Scripture Art LLC's Mark is confusingly similar in sound, meaning and appearance to the Play Hard Pray Harder LLC's Mark. Scripture Art LLC is registration and Defendant's use of the Mark would likely create confusion, mistake or deception in the minds of prospective purchasers as to the origin or source of the Play Hard Pray Harder LLC's goods associated with the Mark.

16. Scripture Art LLC's goods are identical or are closely related to and/or are in the natural zone of expansion of the Play Hard Pray Harder LLC goods. Play Hard Pray Harder LLC's goods are sold directly to the public. Scripure Art LLC's goods are the same or substantially similar to or are the same provided by Play Hard Pray Harder LLC.

17. Play Hard Pray Harder LLC's goods and Defendants goods' travel in the same channels of trade. Defendants' goods are the same and/or are substantially similar to the Play Hard Pray Harder LLC's goods with which the Play Hard Pray Harder LLC's mark is used.

18. Purchasers familiar with the Play Hard Pray Harder LLC's goods are likely to mistakenly believe that the Defendants' goods are sponsored by, authorized, endorsed, affiliated with or otherwise approved by Play Hard Pray Harder LLC because the Mark sought to be

registered and used by Scripture Art LLC is identical to or confusingly similar to the Play Hard Pray Harder LLC's Mark.

19. The trademark registration sought by Scripture Art LLC is contrary to the provisions of Section 2 of the Lanham Act, and Play Hard Pray Harder LLC would be damaged thereby.

20. Defendants' unauthorized use of the Mark have caused consumers to believe that Defendants, are sponsored by, connected with, and/or otherwise affiliated with Play Hard Pray Harder LLC, when they are not.

21. Defendants have purposely used the Mark to cause confusion in the marketplace with regard to the sponsorship, approval, and/or affiliation of Defendants' goods with products made by Play Hard Pray Harder LLC.

22. Defendants have intentionally and fraudulently held their goods out to be the products of Play Hard Pray Harder LLC.

23. On or about August 31, 2012, counsel for Play Hard Pray Harder LLC issued a cease and desist letter to Defendant Scripture Art directing them to stop selling products bearing the Mark.

24. Defendants took Play Hard Pray Harder LLC's concept and marketing approach to sell Play Hard Pray Harder LLC goods by assuming the "Play Hard Pray Harder" name as its own.

25. Defendants then went a step further by attempting to trademark Play Hard Pray Harder LLC's "Play Hard Pray Harder."

26. Both before and after Defendants filed a registration of the trademark "Play Hard Pray Harder", it had and continues to pass off "Play Hard Pray Harder" goods as its own goods

of and to the detriment of Play Hard Pray Harder LLC, who is the first and true owner of the "Play Hard Pray Harder" trademark.

27. As a result of the above, Play Hard Pray Harder LLC has suffered damages and injury.

## IV.
## OWNERSHIP OF THE MARK

28. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 27 as though set forth herein.

29. Play Hard Pray Harder LLC first used the mark "Play Hard Pray Harder." Play Hard Pray Harder LLC petitions the Court for ownership of the mark "Play Hard Pray Harder" and asks that the Court declare Play Hard Pray Harder the owner of the mark and cancel Scripture Art LLC's registration for the "Play Hard Pray Harder" trademark.

30. Play Hard Pray Harder LLC seeks a Declaratory Judgment from this Court stating that Play Hard Pray Harder LLC is the owner of the "Play Hard Pray Harder" mark and an Order for the United States Patent and Trademark Office to cancel Scripture Art LLC's application and registration for "Play Hard Pray Harder" as its mark.

## V.
## TRADEMARK INFRINGEMENT

31. Plaintiff repeats and realleges each and every allegation contained in the paragraphs 1 through 30 as if fully set forth herein.

32. Play Hard Pray Harder LLC has a protectable right in its trademark "Play Hard Pray Harder" ("Mark").

33. Play Hard Pray Harder LLC's use of the Mark, "Play Hard Pray Harder" and related stylistic designs predates Defendants' use of the Mark and filing date of the intent to use

application.

34. Defendants' use of the Mark and related stylistic designs is in the same class as Play Hard Pray Harder LLC's use and filing date of the intent to use application.

35. Play Hard Pray Harder LLC is the owner of a valid, a protectable or registerable mark, namely the Mark. In addition and/or in the alternative, in the minds of the public, the primary significance of the Mark is to identify the source of the product in addition to the product itself.

36. Defendants infringed upon Play Hard Pray Harder LLC's exclusive rights to use the proprietary Mark by, among other things, placing into commerce by offering to sell, selling and/or distributing counterfeit services and/or goods bearing a reproduction, counterfeit, copy of colorable imitation of the Mark without Play Hard Pray Harder LLC's consent.

37. Such use has caused actual confusion and is likely to continue causing confusion or mistake, or deception to the public.

38. Defendants' conduct constitutes trademark infringement in violation of Section 31(1) of the Lanham Act, 15 U.S.C. § 1114(1).

39. In accordance with Section 34 of the Lanham Act, 15 U.S.C. § 1116, Defendants should be preliminarily and permanently enjoined, upon notice and hearing, from using Play Hard Pray Harder LLC's Mark, or any confusingly similar variant thereof, alone or in combination with other words, as a trademark, corporate name, trade name component or otherwise, to market, advertise, distribute, or identify products or services.

40. As direct and proximate result of Defendants' improper actions, Play Hard Pray Harder LLC has been damaged in an amount within the jurisdictional limits of the Court. Under Section 35 of the Lanham Act, 14 U.S.C. § 1117, Plaintiff is entitled to recover from Defendants

either: (i) Defendants' profits; (ii) the actual damages sustained by Plaintiff and (iii) the costs of this action under Section 1117(a).

41. Due to the knowing, intentional, and purposeful manner of Defendants' improper conduct, this is an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117, and, therefore, Play Hard Pray Harder LLC is entitled to recover damages of treble the amount of Play Hard Pray Harder LLC's actual damages and attorney's fees under Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b).

## VI.
## COUNTERFEITING

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 41 as if fully set forth herein.

43. Plaintiff Play Hard Pray Harder LLC is the owner of a valid and protectable or registerable Mark, namely "Play Hard Pray Harder."  In addition and/or in the alternative, in the minds of the public, the primary significance of the Mark is to identify the source of the service or products rather than the service or product itself.

44. In violation of 15 U.S.C. § 1114 (1)(b), Defendants offered to sell, distribute, sell and/or advertised services and/or goods bearing a reproduction, counterfeit, copy of colorable imitation of Play Hard Pray Harder LLC's proprietary Mark for ultimate sale to the public.

45. Defendants sold counterfeit good and/or services bearing Plaintiff's Mark and/or a deceptively similar mark.

46. Defendants' offer to sell, sale, distribution and/or advertisement of the goods and/or services are likely to cause confusion or mistake, or to deceive the public.

47. Defendants reproduced, counterfeited, copied or colorably imitated Play Hard Pray Harder LLC's Mark and stamped or otherwise affixed the reproduction, counterfeit, copy or

colorable imitation to goods intended to be used in commence upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods which is likely to cause confusion or mistake, or to deceive the public.

48. Defendants' actions as described herein were done with Defendants' knowledge that the goods and/or services and the imitation mark on the goods and/or associated with the services were intended to be used to cause confusion or mistake, or to deceive.

49. In accordance with Section 34 of the Lanham Act, 15 U.S.C. § 1116, Defendants should be preliminarily and permanently enjoined, upon notice and hearing, from using Play Hard Pray Harder LLC's mark, or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, corporate name, trade name component or otherwise, to market, advertise, distribute or identify products or services.

50. As a direct and proximate result of Defendants' improper actions, Play Hard Pray Harder LLC has been damaged in an amount within the jurisdictional limits of the Court. Under Section 35 of the Lanham Act, 15 U.S.C. § 1117, Play Hard Pray Harder is entitled to recover from Defendants either: (i) Defendants' profits; (ii) the actual damages sustained by Plaintiff and the costs of this action under Section 1117(a); or statutory damages not to exceed 1,000,000 per counterfeit mark per type of goods and/or services sold under Section 1117(c), at Plaintiff's election. Due to the knowing, intentional, and purposeful manner of Defendants' conduct, Play Hard Pray Harder LLC is entitled to recover treble the amount of Plaintiff's actual damages and attorneys' fees under Section 365(b) of the Lanham Act, 15 U.S.C. § 1117(b).

## VII.
## FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, FALSE ADVERTISING, AND TRADE DRESS INFRINGEMENT

51. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1

through 50 as if fully set forth herein.

52. Play Hard Pray Harder LLC is the owner of a valid and protectable or registerable mark, namely the Mark. In addition and/or in the alternative, in the minds of the public, the primary significance of the Mark is to identify the source of the services and/or product rather than the services and/or product itself.

53. Play Hard Pray Harder LLC has developed valuable goodwill associated with its Mark.

54. Without Play Hard Pray Harder LLC's permission, Defendants knowingly and intentionally used, and continued to use, Play Hard Pray Harder LLC's mark and trade dress, and/or counterfeits, reproductions, copies or colorable imitation of thereof, in commence in connection with the products and services that Defendants manufacture, advertise, promote and/or sell.

55. Defendants willfully and knowing actions render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

56. Defendants have engaged in unfair competition by, among other things, reproducing, counterfeiting or colorably imitating Play Hard Pray Harder LLC's Mark and/or trade dress in connection with the sale, offering for sale, or distribution of the Defendants' goods and/or services, which have actually caused confusion and are likely to confuse, mislead or deceive consumers, purchasers and members of the general public as to the origin, source, sponsorship, or affiliation of such goods.

57 Defendants use of Play Hard Pray Harder LLC's Mark and/or trade dress alleged above is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of the goods and/or services

and/or Defendants' services and/or products, and is likely to cause people to believe in error that the goods and/or services of Defendants' have been authorized, sponsored, approved, endorsed, or licensed by Play Hard Pray Harder LLC or are in some way affiliated with Play Hard Pray Harder LLC or its services and/or products.

58. Defendants' acts constitute false and misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of the goods and/or Defendants' products, and constitutes trade dress infringement in violation of 15 U.S.C. § 1125(a).

59. By reason of Defendants' actions, Play Hard Pray Harder LLC has suffered irreparable harm to the valuable Mark and trade dress.  Unless Defendants are restrained from their actions, Play Hard Pray Harder LLC will continue to be irreparably harmed for which there is not adequate remedy at law.

60. In accordance with Section 34 of the Lanham Act, 15 U.S.C. § 1116, Defendants should be enjoined, from using Play Hard Pray Harder LLC's mark, or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, corporate name, trade name component or otherwise, to market, advertise, distribute or identify products or services.

61. As a direct and proximate result of Defendants' improper actions, Play Hard Pray Harder LLC has been damaged in an amount within the jurisdictional limits of the Court.  Under Section 35 of the Lanham Act, 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendants either: (i) Defendants' profits; (ii) the actual damages sustained by Plaintiff and the costs of this action under § 1117(a); and (iii) the costs of this action.

62. Due to the knowing, intentional, and purposeful manner of Defendants' improper conduct, this is an exceptional case within the meaning of Section 35 of the Lanham Act, 15

U.S.C. § 1117, and, therefore, Play Hard Pray Harder LLC is entitled to recover damages of treble the amount of Play Hard Pray Harder LLC's actual damages and attorneys' fees under Section 35(b) of the Lanham, 15 U.S.C. § 1117(b).

## VIII.
## CIVIL CONSPIRACY, AIDING AND ABETTING

63. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 62 as if fully set forth herein.

64. By working in concert to defraud and circumvent the legal rights of Plaintiff, Defendants became member of a combination that sought to achieve an unlawful purpose and to achieve lawful means, trademark and trade dress infringement and violations of the Lanham Act.

65. As members of this combination, Defendants had a meeting of the minds on the object of this combination and on the course of action that they were undertaking.

66. Defendants committed unlawful acts, as detailed in other counts of this complaint, to further the object of the combination and to further the course of action undertake by the combination. The Defendants' unlawful, over acts included the infringement of Plaintiff's Mark and/or trade dress and violations of the Lanham Act.

67. As a direct and proximate result of the Defendants wrongful conspiracy and the related wrongful acts, Plaintiffs have suffered damages.

## IX.
## APPLICATION FOR TEMPRORARY RESTRAINING ORDER

68. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 67 as if fully set forth herein.

69. Because of Defendants' unauthorized use of the Mark and related stylistic designs, Defendants have undetermined Play Hard Pray Harder LLC's business by selling goods

and/or products that bear the Mark and stylistic designs, and/or by falsely representing the goods produced and/or sold by Defendants have the sponsorship of Play Hard Pray Harder LLC.

70. Defendants' sale of goods and/or products the Mark and related stylistic designs have caused and continue to cause Play Hard Pray Harder LLC irreparable harm for which there is no adequate remedy at law.

71. Since Play Hard Pray Harder LLC can readily establish itself as owner of the Mark and related stylistic designs, Play Hard Pray Harder LLC is likely to succeed on the merits of the case prohibiting Defendants' unauthorized use of said Mark and stylistic designs.

72. The injury faced by Play Hard Pray Harder LLC outweighs the injury that would be sustained by enjoining Defendants from their unauthorized use of the Mark and related stylistic designs.

73. Furthermore, the Court's granting of a temporary restraining order against Defendants' use of the Mark and related stylistic designs would not adversely affect public policy or public interest.

74. Play Hard Pray Harder LLC respectfully demands that Defendants be restrained from selling any goods and/or products containing either the Mark and/or related stylistic design. If necessary, Play Hard Pray Harder LLC is willing to post a bond in order for the Court to issue the temporary restraining order against Defendants.

## X.
## ATTORNEYS' FEES

75. Because of the conduct of Defendants, Play Hard Pray Harder LLC has been compelled to engage the services of an attorney to prosecute this action. As a result, Play Hard Pray Harder LLC is entitled to recover both jointly and severally from Defendants reasonable

sum for the necessary services of its attorney in the preparation and trial of this action and for any appeals related thereto.  Presentment has been made.

## XI.
## PRAYER FOR REILEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff PLAY HARD PRAY HARDER LLC, respectfully requests that:

1. Judgment be entered in favor of Plaintiff against the Defendants for actual damages in an amount in excess of the minimum jurisdictional limits of the Court as can be shown;

2. And Order that the Defendants be enjoined from:

   (a) manufacturing, marketing, or selling products or offering goods based on or derived from Plaintiff's Mark;

   (b) manufacturing, marketing, or selling products, or offering goods based, bearing, or incorporating in, or derived from Plaintiff's trademarks and trade dress; and

   (c) using Plaintiff's Mark, or any deceptively similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component or otherwise, to market, advertise or identify Defendants' products;

3. Ordering Defendants to forthwith deliver to Plaintiff all materials in Defendants' possession, custody or control, the possession and/or use of which would violate Plaintiff's proprietary rights including, without limitation, its right to the Mark and trade dress, including an Order requiring Defendants to identify vendors used to produce their infringing goods;

4. Ordering Defendants to prepare, at their sole expense, a true and accurate audited accounting of all of the activities and assets of Defendants including, without limitation, all activities related to their acquisition and disposal, sale or transfer of any goods or any other product bearing Plaintiff's Mark, or incorporating Plaintiff's proprietary rights;

5. An award of Plaintiff's actual and special damages as pleaded within the jurisdictional limits of the Court;

6. An award the Plaintiff of Defendants' ill-gotten profits and treble damages under 15 U.S.C. § 1117;

7. An award of exemplary damages against Defendants;

8. Declare this case to exceptional and award Plaintiff its reasonable and necessary attorney's fees and court costs in prosecuting this action;

9. An award of costs in an amount to be determined by the Court;

10. Ordering Defendants to indemnify and hold harmless Plaintiff against any and all possible claims of third parties arising out of the sale, offer of sale, distribution or use of the goods bearing a mark or trade dress confusingly similar to Plaintiff's or otherwise based on or incorporating Plaintiff's proprietary designs;

11. Plaintiff recover all pre-judgment and post-judgment interest on all sums awarded at the highest rate permitted by law; and

12. Award Plaintiff such further relief, legal and equitable, to which it is justly entitled.

Dated: December 14, 2012

Respectfully submitted,

**THE FEIN LAW FIRM, P.C.**

By: /S/ Eric D. Fein
    Eric D. Fein
    State Bar No. 06879020
    Vickie S. Brandt
    State Bar No. 24031878
15455 N. Dallas Parkway, Suite 1225
Addison, Texas 75001
(214) 522-9596 - Telephone
(214) 522-9599 – Facsimile

***ATTORNEYS FOR PLAINTIFF***