IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PLAY HARD PRAY HARDER LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-5121-N |
| | § | |
| SCRIPTUREART, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order address Defendants Scripture Art LLC ("Scripture Art") and Josh Hamilton's (collectively, "Defendants") motion to dismiss [16] and Hamilton's motion for leave to amend and to add counterclaim defendants [24]. For the reasons that follow, the Court grants Defendants' motion to dismiss in part and denies it in part. The Court grants Hamilton's motion for leave.

### I. THE PARTIES' TRADEMARK DISPUTE

This is a trademark infringement case arising out of Defendants use of the mark "Play Hard Pray Harder" (the "Mark") in connection with the sale of various merchandise and memorabilia. Plaintiff Play Hard Pray Harder, LLC alleges that, although it has not completed registration of the Mark, it is the senior user and has superior rights to the Mark than do Defendants. Meanwhile, Defendants argue that Josh Hamilton has used the Mark since 2006 and that ScriptureArt sells t-shirts, hats, jerseys, and other items featuring the Mark with Hamilton's permission.

Both Play Hard and Scripture Art have registrations of the Mark pending at the U.S. Patent and Trademark Office ("USPTO"),[1] but pending any decision on either application, Play Hard filed this suit, alleging violations of two Lanham Act sections: section 32(1), 15 U.S.C. § 1114(1), and section 43(a), 15 U.S.C. § 1125(a)(1). Play Hard also alleges civil conspiracy to infringe and seeks injunctive relief and attorneys' fees. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## II. THE COURT GRANTS DEFENDANTS' MOTION TO DISMISS IN PART AND DENIES IT IN PART

### A. *Rule 12(b)(6) Standard*

When faced with a Rule 12(b)(6) motion to dismiss or a 12(c) motion, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences,

---

[1]Hamilton apparently assigned his rights in the Mark to ScriptureArt after ScriptureArt filed its intent-to-use application in the USPTO. ScriptureArt has since reassigned the rights back to Hamilton but retained a license. *See* Def.'s Answer and Counterclaim ¶¶ 88, 90.

or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

### B. Play Hard Does Not State Lanham Act Section 32 or 32(1) Claims

Play Hard seeks to recover for trademark infringement based on Lanham Act section 32 and 32(1). However, both of these sections require the existence of a registered trademark. *See* 15 U.S.C. §§ 1113(1), 1114. Here, Play Hard does not plead that it owns a registered mark and in fact concedes that the Mark is still in the registration process. Because Play Hard does not own a registered mark, it may not recover for violations of these provisions. *See Amazing Spaces, Inc v. Metro Mini Storage*, 608 F.3d 225, 235 n.8 (5th Cir. 2010) (noting that section 32 applies only to registered marks). Accordingly, to the extent that Play Hard seeks to recover based on section 32 and 32(1), Play Hard does not state a claim and the Court thus dismisses those claims.

### C. Play Hard Does Not State a Claim For Trade Dress Infringement

In passing, Play Hard seems to indicate that it is also alleging that Defendants used Play Hard's trade dress in a way likely to cause confusion. A trade dress claim "requires a showing that '(1) the dress qualifies for protection, which requires considering functionality, distinctiveness, and secondary meaning; and (2) that the dress has been infringed which

requires considering the likelihood of confusion.'" *Bayco Prods., Inc v. Lynch*, No. 3:10-CV-1820-D, 2011 WL 1602571, at *7 (N.D. Tex. Apr. 28, 2011) (quoting *Taco Cabana Int'l, Inc. v. Two Pesos, Inc.*, 932 F.2d 1113, 1117-18 (5th Cir. 1991)). Nowhere in the complaint does Play Hard identify the trade dress or how it qualifies for protection. In fact, Play Hard only mentions trade dress in sentences containing the phrase "Mark and/or trade dress." These statements are insufficient to give Defendants fair notice of any claims concerning Play Hard's trade dress, and accordingly, the Court grants Defendants' motion on any trade dress claim to the extent that Play Hard is asserting such claims.

### D. *Play Hard States a Claim for a Lanham Act Section 43(a) Violation*

Play Hard is correct that failure to register does not defeat all Lanham Act claims. But it is only section 43(a) that provides the cause of action for such claims. This section, among other things, provides for a cause of action to recover for infringement of common law trademark rights. *See* J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 27.14 (4th ed.) [hereinafter MCCARTHY ON TRADEMARKS] (noting that "[a]ll courts have held that § 43(a) provides a federal vehicle for assertion of infringement of even unregistered marks and trade names."); *Chevron Chem. Co. v. Voluntary Purchasing Grps., Inc.*, 659 F.2d 695, 702 (5th Cir. 1981) (noting that section 43 provides cause of action for common law trademark infringement). To plead a claim for common law trademark infringement, like with registered trademark infringement claims, a plaintiff must plead ownership in a legally protectable mark and a likelihood of confusion. *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008). To establish that the mark is

legally protectable, Play Hard must establish that it has priority in the mark. *Dallas Cowboys Football Club, Ltd. v America's Team Props., Inc.*, 616 F. Supp. 2d 622, 632 (N.D. Tex. 2009). Play Hard also must allege facts establishing that the mark is either inherently distinctive or that it has acquired distinctiveness through the acquisition of secondary meaning. *Id.* (citing *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769 (1992)).

To supports its claim, Play Hard pleads the existence of a mark, "Play Hard Pray Harder" for use "in connection with apparel including hats, jerseys[,] sweatshirts and shirts." Compl. ¶ 11. Pray Hard pleads that it first used the Mark around April 1, 2012, before the June 13, 2012 date of Scripture Art's intent-to-use application. Play Hard also pleads that it has senior rights to the Mark, i.e., that its use occurred before Defendants used the mark. These facts, if true, would establish Play Hard's priority in the mark.

As for distinctiveness, Play Hard pleads facts merely by describing the Mark. In connection with the sale of apparel, the mark "Play Harder Pray Harder" is at least suggestive, if not arbitrary or fanciful, meaning that the Mark is inherently distinctive. *See Abercrombie & Firch Co. v. Hunting World, Inc.*, 537 F.2d 4, 9 (2d Cir. 1976) (creating classification scheme regarding strength of marks and holding that suggestive, arbitrary, and fanciful marks are inherently distinctive).[2]

Finally, Play Hard must allege facts that, if true, would establish a likelihood of confusion. In determining whether use of a mark creates a likelihood of confusion, the Fifth

---

[2] Defendants do not argue that the mark is not sufficiently distinctive. This is perhaps because Defendants also counterclaim for trademark protections of the same mark.

ORDER – PAGE 5

Circuit considers a list of nonexclusive, nondispositive factors: (1) the type of trademark allegedly infringed, (2) the similarity between the two marks, (3) the similarity of the products or services, (4) the identity of the retail outlets and purchasers, (5) the identity of the advertising media used, (6) the defendant's intent, and (7) any evidence of actual confusion. *Dallas Cowboys*, 616 F. Supp. 2d at 636-37. The factors do not apply mechanically to every case and serve only as guides. *See id.* (citing *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 484-85 (5th Cir. 2004)).

Play Hard pleads that Defendants' mark is identical to Play Hard's mark, that Defendants used the mark on goods sold to the general public, that Play Hard and Defendants operate in the same market, that Defendants intended to create consumer confusion and that the use of the mark is in fact likely to cause consumer confusion with Play Hard's mark. These allegations are sufficient to plead a likelihood of consumer confusion. *See John Crane Prod. Solutions, Inc v. R2R and D, LLC*, No. 11-CV-3237-D, 2012 WL 1571080, at *3 (N.D. Tex. May 4, 2012) (declining to dismiss infringement claim based on similar likelihood of confusion allegations).

### E. Play Hard Fails to State a Claim for Civil Conspiracy

To plead a civil conspiracy claim, a plaintiff must allege (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *See Orthoflex, Inc. v. ThermoTek, Inc.*, No. 3:11-CV-0870-D, 2012 WL 2864510, at *6 (N.D. Tex. July 12, 2012).

Defendants argue that Play Hard's complaint is deficient because Play Hard failed to plead a meeting of the minds.[3] The Court agrees. Play Hard alleges that "[d]efendants had a meeting of the minds on the object of this combination and on the course of action that they were undertaking." This allegation is too conclusory to state the required element of Play Hard's conspiracy claim. And Play Hard alleges no other facts on this issue.[4] Accordingly, the Court grants Defendants' motion to dismiss this claim.

### F. The Court Grants Defendants' Motion to Dismiss Play Hard's Unlawful Employment Practices Claim

In their motion, Defendants moved to dismiss Play Hard's unlawful employment practices claim. Play Hard failed to respond to Defendants' arguments. Accordingly, the Court grants Defendants' motion as to that claim. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 (5th Cir. 2006) (where plaintiff failed to defend claim following motion to dismiss, "[h]er failure to pursue this claim beyond her complaint constituted abandonment").

### G. The Court Declines to Dismiss Play Hard's Request for Injunctive Relief

---

[3] In their reply brief in support of their motion to dismiss, Defendants also argue that Play Hard failed to identify another person with whom Mr. Hamilton conspired and that Play Hard did not allege any unlawful, overt acts. Because these arguments were raised in reply, thus foreclosing any response by Play Hard, the Court declines to address them.

[4] Play Hard points to other facts in response to Defendants' motion to dismiss. But "[f]actual allegations in a brief are not to be considered on a motion to dismiss for failure to state a claim." *Kunzweiler v. Zero.Net, Inc.*, No. 3-00-CV-2553-P, 2002 WL 1461732, at *18 (N.D. Tex. July 3, 2002) (citing cases); *accord Broyles v. Chase Home Fin.*, No. 3:10-CV-2256-G, 2011 WL 1428904, at *1 n.1 (N.D. Tex. Apr. 13, 2011) (noting that new facts in response to motion to dismiss are not properly before court).

Play Hard's ninth cause of action is labeled "Application for Temporary Restraining Order." Compl. 11. Defendants ask the Court to dismiss this request because Play Hard pleads only the elements of a request for injunctive relief and not facts to support those elements. The Court disagrees.

To show entitlement to an injunction, Play Hard must establish (1) success on the merits; (2) a substantial threat of irreparable injury if injunction is not granted; (3) no adequate remedy at law; (4) the threatened injury to the plaintiff outweighs threatened injury to the defendant; and (5) the injunction must not disserve the public interest.[5] *Dresser-Rand Co. v. Virtual Automation*, 361 F.3d 831, 847 (5th Cir. 2004). Here, Play Hard has not moved for a temporary restraining order or preliminary injunction, although the complaint labels Play Hard's request as a temporary restraining order request. Rather, based on its response to Defendants' motion, Play Hard is merely seeking to avoid dismissal for its "claim" for injunctive relief. *See* Pl.'s Resp. Defs.' Mot. Dismiss 13.

First, the Court notes that a claim for injunctive relief is a remedy, not a cause of action. *See, e.g.*, *Denman v. Wells Fargo Bank, N.A.*, No. SA-13-CV-11-XR, 2013 WL 1866580, at *2 (W.D. Tex. May 2, 2013). Thus, a separate cause of action for injunctive relief is inappropriate, but injunctive relief may be available if the plaintiff is entitled to such a remedy on another cause of action. *See, e.g.*, *Rymal v. Bank of Am.*, No. 10-00280 DAE-

---

[5]At this stage, it is unclear whether Play Hard plans to seek a preliminary injunction. If Play Hard chooses to seek such an injunction before the merits of the case are decided, Play Hard must establish a likelihood of success on the merits. *Dresser-Rand Co.*, 361 F.3d at 847.

BMK, 2011 WL 6100979, at *12 (D. Haw. Dec. 6, 2011). Rather than dismiss Play Hard's claim, however, the Court treats the portion of Play Hard's complaint requesting a temporary restraining order as merely requesting injunctive relief should it prevail on the merits. Still, a plaintiff must plead facts that, if true, would entitle it to injunctive relief. *Dresser-Rand Co.*, 361 F.3d at 847.

Play Hard sufficiently pleads a likelihood of success on the merits by pleading facts that, if true, would entitle it to relief on its Lanham Act section 43 claim. These facts are also sufficient to allege the irreparable-injury and no-adequate-remedy elements because these elements are essentially presumed in trademark infringement cases. MCCARTHY ON TRADEMARKS, § 30:2 ("It is difficult to imagine an unfair competition case where damages are adequate to remedy the problem of defendant's continuing acts."); *see also Abraham v. Alpha Chi Omega*, 708 F.3d 614, 627 (5th Cir. 2012) (holding that district court did not need to discuss irreparable injury requirement because, in trademark cases, injury is presumed); *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1209 (11th Cir. 2008) ("In ordinary trademark infringement actions . . . complete injunctions against the infringing party are the order of the day.").

As to the balance-of-injury element, Play Hard pleads that its injury outweighs the Defendants' injuries and that Defendants' infringement leads to customer confusion, making consumers think they are purchasing Play Hard products when they are actually purchasing merchandise from Defendants. Nothing in Play Hard's pleading indicates that Defendants would necessarily incur greater harm than this pleaded harm.

Finally, as to the public interest factor, Play Hard pleads that Defendants' mark is identical and in the same field and market, thus creating a high likelihood of confusion. Because the likelihood of confusion is so great in this situation, if the alleged infringement actually occurred, an injunction would serve, not disserve, the public interest. *See Abraham*, 796 F. Supp. at 859; *see also* MCCARTHY ON TRADEMARKS § 31.10 ("If it is inevitable that a significant amount of confusion will probably be created by the junior user's actions, then the right of the public not to be confused and deceived may outweigh the inequity to the junior user of the trademark owner's delay in suing."). Accordingly, Play Hard has sufficiently plead its claim for injunctive relief, and the Court declines to dismiss it.

### H. The Court Dismisses Play Hard's "Ownership of the Mark" Claim

Play Hard seeks a declaration from this Court that it is the owner of the "Play Hard Pray Harder" mark and "an Order for the United States Patent and Trademark Office to cancel Scripture Art LLC's application of registration for 'Play Hard Pray Harder' as its mark." Play Hard argues that the Court must necessarily decide ownership to decide the infringement issues in the case. The Court agrees that it must to some extent decide ownership issues in connection with Play Hard's section 43 claim. *See, e.g.*, *AMX Corp. v. Pilote Films*, No. 3:04-CV-2035-D, 2007 WL 1695120, at *24 (N.D. Tex. June 5, 2007) (noting that common law trademark infringement plaintiff must show that it is senior user of mark). But Play Hard has failed to point to any authority allowing the Court to actually

cancel the USPTO's consideration of Scripture Art's pending trademark application.[6] Given that 15 U.S.C. § 1119 grants courts authority over registration in actions specifically involving at least one registered mark, it is unlikely that Congress intended to grant district courts such authority where no registered mark is present. *See Farrelly v. Polarclad, Inc.*, No. 11-CV-04268-PSG, 2011 WL 5864080, at *2-3 (N.D. Cal. Nov. 22, 2011) ("[T]his court cannot determine the validity of Defendants' pending trademark application before the USPTO unless there is a 'registered mark' in that agency to permit jurisdiction."); *DeSoto, Inc. v. Margo Intern. II, Inc.*, No. 88 C 4194, 1988 WL 132083, at *2 (N.D. Ill. Dec. 7, 1988) (noting that Court has authority to order PTO to refuse application where at least one registered mark is in issue); *Jeno's Inc. v. Comm'nr of Patents and Trademarks*, 498 F. Supp. 472, 477 (D. Minn. 1980) (holding that court may order refusal "where at least one of the parties to the action holds a registered trademark."). Although the Court might determine issues relevant to both parties' mark registrability, the Court has no authority to order the USPTO to take any action with respect to either registration application.[7] Thus, to the extent that Play Hard requests this Court to order the USPTO to take any action over either party's

---

[6]Courts have jurisdiction to cancel or alter registered marks. *See* 15 U.S.C. § 1119 ("In any action *involving a registered mark* the court may determine the right to registration . . . .") (emphasis added). District courts also have appellate authority over final decisions of the Trademark Trial and Appeal Board. *See* 15 U.S.C. § 1071(b)(1). However, no party to this case has a registered trademark, and the USPTO has not acted on either party's registration applications.

[7]Although the Court could not order the USPTO to take action, it might have authority to issue an injunction commanding a party to withdraw its application to the USPTO. *See Test Maters Ed. Servs., Inc. v. Singh*, 428 F.3d 559, 578 (5th Cir. 2005) (affirming similar district court injunction).

ORDER – PAGE 11

registration applications, the Court dismisses Play Hard's "ownership of mark" claim. The Court will entertain Play Hard's claims to ownership of the "Play Hard Pray Harder" mark to the extent that such ownership is relevant to its section 43 claim.

### III. THE COURT GRANTS HAMILTON'S MOTION FOR LEAVE TO AMEND

Josh Hamilton moves for leave to amend his counterclaim and to add counterclaim defendants. Rule 15 requires the trial court to grant leave "freely." Fed. R. Civ. Pro. 15(a). Additionally, Hamilton moved for leave within the deadlines provided by this Court's scheduling order. Play Hard opposed this amendment based solely on futility grounds. The Court declines the invitation to deny leave on futility grounds. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile."). Accordingly, the Court grants Hamilton's motion for leave to amend his counterclaim and add counterclaim defendants.

### CONCLUSION

For the reasons stated above, the Court grants Defendants' motion to dismiss in part and denies it in part. To the extent Play Hard brings claims under Lanham Act section 32(1), the Court dismisses those claims. The court also dismisses Play Hard's claims for civil conspiracy, unlawful employment practices, and "ownership of the mark." The Court grants Plaintiffs leave to replead within thirty days of the date of this Order. Finally, the Court grants Hamilton's motion for leave to amend and motion to add counterclaim defendants.

Signed July 2, 2013.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 13